United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE THE ZUERCHER TRUST OF 1999.

Case No. 26-cv-03652-EMC

**ORDER DENYING APPELLANT'S MOTION TO STAY; AND GRANTING TRUSTEE'S MOTION TO DISMISS**

Docket Nos. 9, 16

Ms. Hujazi initiated the case at bar, appealing orders issued by the bankruptcy court in Case No. 12-32747 HLB (N.D. Cal. Bankr. Ct.). The debtor in the bankruptcy proceeding is the Zuercher Trust of 1999. Ms. Hujazi appears to be the principal or grantor of the Zuercher Trust, and her daughter (Jacqueline Zuercher) the beneficiary.[1] Pending before the Court are two motions: (1) Ms. Hujazi's motion to stay proceedings and (2) the Bankruptcy Trustee's motion to dismiss. Having considered the parties' submissions, the Court hereby **DENIES** the motion to stay and **GRANTS** the motion to dismiss.

## I. DISCUSSION

In the motion to stay, Ms. Hujazi argues that "significant developments have occurred in the underlying bankruptcy case while this appeal has been pending, and said developments require the appellant to review the bankruptcy docket and service record, and await further rulings of the bankruptcy court." Mot. to Stay at 1. The Court denies the request to stay because there are no significant developments. While the Bankruptcy Trustee did withdraw his proposed Final Report

[1] There is a separate bankruptcy proceeding (Case No. 13-30477 HLB (N.D. Cal.)) in which Ms. Hujazi herself is the debtor.

in July 2026, that was only because Ms. Hujazi had filed a flurry of motions. *See* BK Docket No. 1259 (Trustee's St. at 1-2). Those motions have now been resolved, with the bankruptcy court denying Ms. Hujazi any relief.

The Court thus turns to the Bankruptcy Trustee's motion to dismiss. To the extent the Bankruptcy Trustee argues for dismissal based on failure to prosecute, the Court is not persuaded. Ms. Hujazi has made clear that she is not abandoning this suit as evidenced by her opposition to the motion to dismiss.

However, the Court grants the Bankruptcy Trustee's motion to dismiss based on lack of standing.

> Not all chapter 7 debtors have standing to challenge a trustee's administration of the bankruptcy estate. A debtor's standing to object to matters such as claims objections, allowance of fees, sales of property, and settlements generally depends upon having a pecuniary interest in the estate. Where the bankruptcy estate cannot pay all creditors in full and no surplus will be returned to the chapter 7 debtor, that debtor cannot generally demonstrate injury in fact to object to the trustee's administration of the estate and lacks standing.

*In re Koshkalda*, 622 B.R. 749, 764 (9th Cir. B.A.P. 2020); *see also In re Fondiller*, 707 F.2d 441, 442 (9th Cir. 1983) ("Only those persons who are directly and adversely affected pecuniarily by an order of the bankruptcy court have been held to have standing to appeal that order. Thus, a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate. Such an order would not diminish the debtor's property, increase his burdens, or detrimentally affect his rights."). To be sure, Ms. Hujazi is not the debtor in the instant case but she largely stands in the shoes of the debtor given that she is the principal/grantor of the Zuercher Trust. And the record reflects that the Zuercher Trust estate is hopelessly insolvent. *See* BK Docket No. 1215 (Bankruptcy Trustee's Prop. Final Rpt. at ECF Page 45) (reporting "[t]imely claims of general (unsecured) creditors totaling $12,009,646.85 [that] have been allowed and [that] will be paid pro rata only after all allowed administrative and priority claims have been paid in full[;] [t]he timely allowed general (unsecured) dividend is anticipated to be 26.928 percent, plus interest (if applicable)"). Ms. Hujazi has failed to demonstrate otherwise.

/ / /

United States District Court
Northern District of California

Ms. Hujazi has expressed concern about disposition of certain real property in Cabo San Lucas. However, she disavows trying to "unwind" that transaction.[2] *See* Opp'n to MTD at ECF Page 12 (asking for "any legally effective relief remaining available *without* impermissibly disturbing a completed sale protected by [11 U.S.C.] § 363(m)"[3]). She also suggests that she paid approximately $607,000 to preserve that property, *see* BK Docket No. 1203 (Hujazi Decl. ¶ 8) ( ("I provided approximately $607,000.00 USD in connection with these matters with the understanding that it would be used to preserve property interests, including my personal property and the Mexico property."), but, as the Bankruptcy Trustee points out, that sum "was not a voluntary contribution by [Ms. Hujazi] to the **Zuercher Trust** estate, but rather a court-authorized turnover of funds from the Monica Hujazi probate trust to the **Hujazi** bankruptcy estate (Case No. 13-30477)" (*i.e.*, the personal bankruptcy case)." Mot to Dismiss at 11 n.4 (emphasis added); *see also In re Hujazi*, No. 13-30477 HLB (N.D. Cal. Bankr. Ct.) (Docket No. 647) (order regarding $607,000). In any event, even if Ms. Hujazi had made payments in connection with the pending bankruptcy case, her standing still turns on whether the estate is solvent.

Finally, although the Court is not addressing the merits of Ms. Hujazi's appeal, it does note that her appeal is based in part on an argument similar to one she made in her appeal in her

---

[2] Although not entirely clear, Ms. Hujazi seems to suggest that a court in Mexico issued a decision in September 2026 that affects the Cabo San Lucas property. *See* Hujazi Decl. ISO Opp'n ¶ 11 (testifying that "I obtained a favorable federal amparo judgment in Mexico dated September 29, 2026, concerning the Cabo San Lucas, Mexico property" and that the court "found that the government order securing the property had been issued without the prior judicial authorization required by Mexican law, violating constitutional protections"). However, that order (which was not provided to the Court) post-dates the bankruptcy court's orders being challenged (filed in March and April 2026), *see* BK Docket Nos. 1200, 1205 (orders) and Ms. Hujazi's appeal (filed in April 2026).

[3] Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

personal bankruptcy case – *i.e.*, that she was not given proper service of filings. The Court rejected that argument in her personal bankruptcy case. *See In re Hujazi*, No. 26-2856 EMC (N.D. Cal.) (Docket No. 6) (denying Ms. Hujazi's emergency motion for stay pending appeal; Ms. Hujazi was not likely to succeed on her claim that she did not get constitutionally adequate notice of the Trustee's Final Report or hearing thereon because notice was given to her current address of record and to her counsel of record).

## II. CONCLUSION

For the foregoing reasons, the Court denies Ms. Hujazi's motion to stay proceedings and grants the Bankruptcy Trustee's motion to dismiss based on lack of standing. The Clerk of the Court is instructed to enter a final judgment and close the file in the case.

This order disposes of Docket Nos. 9 and 16.

**IT IS SO ORDERED**.

Dated: October 30, 2026

EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California